IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-41182
Conference Calendar

_____


NESBITT EDWIN MADISON,

                                        Plaintiff-Appellant,


versus

D. ATWOOD, Captain, Beto I,

                                        Defendant-Appellee.


- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:96-CV-782
- - - - - - - - - -
June 17, 1997
Before SMITH, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

    Nesbitt Edwin Madison, Texas prisoner #611189, filed a civil

rights complaint under 42 U.S.C. § 1983 against Captain D. Atwood

of the Texas Department of Criminal Justice - Institutional

Division (TDCJ-ID).  Madison argues that the district court

abused its discretion by dismissing as frivolous his claim that

Atwood violated his due process rights by not classifying him as

a Level 1 prisoner.  See 28 U.S.C. § 1915(e)(2)(B)(i); Eason v.

_____

    [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

A prisoner's liberty interest is "generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 115 S. Ct. 2293, 2300 (1995) (citation omitted). As Madison did not allege that a liberty or property interest protected by the due process clause, the district court did not err in dismissing his claim. See Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1995), cert. denied, 116 S. Ct. 1690 (1996); see also Moody v. Baker, 857 F.2d 256, 257-58 (5th Cir. 1988)(an inmate has neither a protected property nor liberty interest in his custody classification).

Madison's appeal is without arguable merit and is DISMISSED. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Madison previously has been warned by this court that he may be sanctioned for filing further frivolous pleadings. Madison v. Young, No. 96-10869, slip op. at 2 (5th Cir. Apr. 17, 1996). Accordingly, Madison is barred from filing any pro se, in forma pauperis, civil appeal in this court, or any pro se, in forma pauperis, initial civil pleading in any court which is subject to this court's jurisdiction, without the advance written permission of a judge of the forum court or of this court; the clerk of this court and the clerks of all federal district courts in this

Circuit are directed to return to Madison, unfiled, any attempted submission inconsistent with this bar.  <u>See</u> 5th Cir. R. 42.2.

APPEAL DISMISSED; SANCTION IMPOSED.